**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| JENNIFER B. ALVAREZ, )<br>      Plaintiff, )<br> )<br>    v. )<br> )<br>NANCY A. BERRYHILL, )<br>Deputy Commissioner for Operations, )<br>Social Security Administration, )<br>      Defendant. ) | CAUSE NO.: 1:17-CV-344-PRC |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Jennifer B. Alvarez on August 11, 2017, and Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 18], filed by Plaintiff on February 1, 2018. Plaintiff requests that the September 14, 2016 decision of the Administrative Law Judge denying her claim for disability insurance benefits and supplemental security income be reversed and remanded for an award of benefits or for further proceedings. On March 9, 2018, the Commissioner filed a response, and Plaintiff filed a reply on March 28, 2018. For the following reasons, the Court grants Plaintiff's request for remand.

**PROCEDURAL BACKGROUND**

On June 2, 2014, and June 27, 2014, Plaintiff filed applications for disability insurance benefits and supplemental security income, respectively, alleging disability beginning July 25, 2013. The applications were denied initially and on reconsideration. On June 2, 2016, Administrative Law Judge William D. Pierson ("ALJ") held a hearing. In attendance at the hearing were Plaintiff, Plaintiff's attorney, and an impartial vocational expert. On September 14, 2016, the ALJ issued a written decision denying benefits, making the following findings:

1.  The claimant meets the insured status requirements of the Social Security Act through December 31, 2016.

2.  The claimant has not engaged in substantial gainful activity since July 25, 2013, the alleged onset date.

3.  The claimant has the following severe impairments: degenerative changes in the knees; degenerative changes of the cervical, thoracic, and lumber spine; obesity; sensorineural hearing loss; hypertension; depression; anxiety with insomnia; and chronic pain syndrome.

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) with lifting, carrying, pushing and pulling ten pounds frequently and occasionally. The claimant can sit at least six hours in an eight-hour workday and stand and/or walk two hours in an eight-hour workday. As of late 2014, she required a cane to ambulate prolonged distances. The claimant should not climb ropes, ladders or scaffolds. The claimant can occasionally kneel, crouch, and crawl. The claimant can occasionally balance. The claimant can occasionally bend and stoop in addition to what is required to sit. The claimant can occasionally use ramps and stairs with rails, no more than one-two flights at a time. Aside from such use of ramps and stairs on an occasional basis, the claimant should not work upon uneven surfaces. The claimant should avoid concentrated exposure to wetness such as when working upon wet and slippery surfaces. The claimant should avoid work within close proximity to open and exposed heights and open and dangerous machinery such as open flames and fast moving exposed blades. The claimant is limited from concentrated exposure to excessive humidity and cold such as when working outside or within a green house or refrigerator. Due to limited hearing, the claimant should avoid work within close proximity to very loud noises such as a fire alarm more than occasionally. The claimant should not work next to very loud heavy machinery. The claimant is limited to superficial interaction with coworkers, supervisors and the public, with superficial interaction defined as occasional and casual contact not involving prolonged conversation. Contact with supervisors still involves necessary instruction but prolonged conversation is not necessary for task completion. Due to more recent anxiety and depression, the claimant is limited to work that involves only simple, routine and repetitive tasks that can be learned through short demonstration and up to thirty days on a day-to-day and sustained full time eight-hour per day basis

2

or equivalent work schedule. The claimant can maintain the concentration required to perform simple tasks. The claimant can remember simple work like procedures. The claimant can make simple work related decisions.

6. The claimant is unable to perform any past relevant work.

7. The claimant was born [in 1979] and was 33 years old, which is defined as a younger individual age 18-44 on the alleged disability onset date.

8. The claimant has at least a high school education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability, as defined in the Social Security Act, from July 25, 2013, through the date of this decision.

(AR 19-36).

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.981, 416.1481. Plaintiff filed this civil action pursuant to 42 U.S.C. §§ 405(g) and 1383(c) for review of the Agency's decision.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

# STANDARD OF REVIEW

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his analysis of the evidence in order to allow the reviewing court to trace the path of his reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that [a reviewing court] may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595)); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

## DISABILITY STANDARD

To be eligible for disability benefits, a claimant must establish that she suffers from a "disability" as defined by the Social Security Act and regulations. The Act defines "disability" as an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). To be found disabled, the claimant's impairment must not only prevent her from doing her previous work, but considering her age, education, and work experience, it must also prevent her from engaging in any other type of substantial gainful activity that exists in significant numbers in the economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f).

5

When a claimant alleges a disability, Social Security regulations provide a five-step inquiry to evaluate whether the claimant is entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The steps are: (1) Is the claimant engaged in substantial gainful activity? If yes, the claimant is not disabled, and the claim is denied; if no, the inquiry proceeds to step two; (2) Does the claimant have an impairment or combination of impairments that are severe? If no, the claimant is not disabled, and the claim is denied; if yes, the inquiry proceeds to step three; (3) Do(es) the impairment(s) meet or equal a listed impairment in the appendix to the regulations? If yes, the claimant is automatically considered disabled; if no, then the inquiry proceeds to step four; (4) Can the claimant do the claimant's past relevant work? If yes, the claimant is not disabled, and the claim is denied; if no, then the inquiry proceeds to step five; (5) Can the claimant perform other work given the claimant's residual functional capacity (RFC), age, education, and experience? If yes, then the claimant is not disabled, and the claim is denied; if no, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v); *see also Scheck v. Barnhart*, 357 F.3d 697, 699-700 (7th Cir. 2004).

At steps four and five, the ALJ must consider an assessment of the claimant's residual functional capacity (RFC). The RFC "is an administrative assessment of what work-related activities an individual can perform despite [her] limitations." *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001). The RFC should be based on evidence in the record. *Craft v. Astrue*, 539 F.3d 668, 676 (7th Cir. 2008) (citing 20 C.F.R. § 404.1545(a)(3)). The claimant bears the burden of proving steps one through four, whereas the burden at step five is on the ALJ. *Zurawski*, 245 F.3d at 885-86; *see also Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

## ANALYSIS

Plaintiff seeks remand, arguing that the RFC finding is not supported by substantial evidence, that the ALJ erred in assigning weight to medical opinions, and that Plaintiff's subjective statements were improperly evaluated. The Court addresses each argument in turn.

### A. Residual Functional Capacity

The RFC is a measure of what an individual can do despite the limitations imposed by her impairments. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004); 20 C.F.R. §§ 404.1545(a), 416.945(a). The determination of a claimant's RFC is a legal decision rather than a medical one. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *Diaz*, 55 F.3d at 306 n.2. The RFC is an issue at steps four and five of the sequential evaluation process and must be supported by substantial evidence. SSR 96-8p, 1996 WL 374184, *3 (July 2, 1996); *Clifford*, 227 F.3d at 870.

"RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing' basis means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p at *1. "The RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." SSR 96-8p, at *3. The relevant evidence includes medical history; medical signs and laboratory findings; the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment; evidence from attempts to work; need for a structured living environment; and work evaluations, if available. *Id.* at *5. In arriving at an RFC, the ALJ "must consider all allegations of physical and mental limitations or restrictions and make every reasonable effort to ensure that the file contains sufficient evidence to

7

assess RFC." *Id*. The "ALJ must also consider the combined effects of all the claimant's impairments, even those that

would not be considered severe in isolation." *Terry v. Astrue*, 580 F.3d 471, 477 (7th Cir. 2009); *see also Golembiewski v. Barnhart*, 322 F.3d 912, 918 (7th Cir. 2003).

ALJs must fairly evaluate the record. "Thus, although the ALJ need not discuss every piece of evidence in the record, the ALJ may not ignore an entire line of evidence that is contrary to the ruling. *Golembiewski*, 322 F.3d at 917(citations omitted) (citing *Dixon*, 270 F.3d at 1176; *Zurawski*, 245 F.3d at 888); *accord Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014); *Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010) ("[W]e cannot uphold an administrative decision that fails to mention highly pertinent evidence" (citing *Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2009) (per curiam)).

The ALJ found that Plaintiff did not need to elevate her legs 100% of the time. Plaintiff's treating physician opined that she was so impaired, and Plaintiff testified that elevating her legs takes pressure off of her lower lumbar area. (AR 77). Plaintiff was repeatedly assessed as having lumbar radiculopathy. (*E.g.* AR 702, 998, 1067). In April 2015, Plaintiff reported to her pain management specialist that her lower back pain, which radiated into her legs, decreased by laying in a chair with her legs propped up. (AR 1040). Yet, the ALJ decided that Plaintiff did not need to elevate her legs because she had successful surgery on her left knee in 2016, after which there was no evidence of persistent swelling or inflammation in her knee. Though the ALJ has provided a basis for finding that Plaintiff does not need to elevate her leg due to swelling or inflammation in her knee, he does not consider the wealth of evidence indicating that she may need to elevate her legs due to pain in her lower back. The ALJ has disregarded this entire line of evidence. The vocational expert opined that needing to elevate one's legs 100% of the time precludes full time competitive work.

8

Accordingly, the ALJ erred in determining Plaintiff's RFC, and this matter must be remanded for consideration of whether Plaintiff needs to elevate her legs due to back pain.

Plaintiff makes many other arguments regarding purported errors in the RFC finding that do not require full analysis here in light of the error necessitating remand noted above. Plaintiff is correct that the ALJ impermissibly cherry-picked from the record when he noted two instances when Plaintiff had a negative straight leg raise test (AR 27 (citing AR 1101-1106), 30 (citing AR 864)), and ignored multiple times when she had a positive straight leg raise test. (*E.g.* AR 643, 700, 1057). Regarding other arguments, the ALJ is directed on remand to consider Plaintiff's headaches in light of her neurological examination performed by Dr. Later in June 2013 and to consider, regardless of whether Plaintiff's headaches are severe, whether the headaches cause any limitations to Plaintiff's RFC. The ALJ shall also use specific findings to connect any impairment in Plaintiff's concentration, persistence, and pace to limitations in the RFC that the ALJ finds are a result of that impairment. The ALJ is also directed to consider all of Plaintiff's impairments in combination and discuss what limitations result from any finding of insomnia as an impairment.

**B. Medical Opinions**

In determining whether a claimant is disabled, the ALJ "will always consider the medical opinions in [the] case record together with the rest of the relevant evidence [the agency] received." 20 C.F.R. §§ 404.1527(b), 416.927(b). And, the ALJ evaluates every medical opinion received. 20 C.F.R. §§ 405.1527(c), 416.927(c). This includes the opinions of nonexamining sources such as state agency medical and psychological consultants as well as outside medical experts consulted by the ALJ.

An ALJ must give the opinion of a treating doctor controlling weight if (1) the opinion is supported by "medically acceptable clinical and laboratory diagnostic techniques" and (2) it is "not inconsistent" with substantial evidence of record. *Schaaf v. Astrue*, 602 F.3d 869, 875 (7th Cir. 2010); *see also Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). In weighing all opinion evidence, the ALJ considers several factors and must explain in the decision the weight given to each opinion. 20 C.F.R. §§ 404.1527(c), (f), 416.927(c), (f); *Scrogham v. Colvin*, 765 F.3d 685, 697-98 (7th Cir. 2014); *Bauer v. Astrue*, 532 F.3d 606, 608 (7th Cir. 2008). When a treating physician's opinion is not given controlling weight, the ALJ must nevertheless consider certain factors to determine how much weight to give the opinion, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability (such as medical signs and laboratory findings), and specialization. 20 C.F.R. §§ 404.1527(c)(2)-(5), 416.927(c)(2)-(5).

The ALJ assigned "very limited weight" to the opinions of Plaintiff's treating physician, Dr. Chapman-Smith. The ALJ's error noted above in finding that Plaintiff did not need to elevate her legs while sitting also affects this area of the ALJ's decision, as Dr. Chapman-Smith opined that Plaintiff needed to elevate her legs all of the time. The ALJ rejected this portion of the doctor's opinion by erroneously determining that the evidence did not support this conclusion, as discussed above. The ALJ also rejected Dr. Chapman-Smith's opinions because they were based on Plaintiff's statements. However, conditions that have minimal objectively verifiable symptoms are often based on a patient's reports to her medical care provider. *Adaire v. Colvin*, 778 F.3d 685 (7th Cir. 2015) (calling "fundamental error" the conclusion that a physician's opinions should be disbelieved because they "depend almost exclusively on the claimant's subjective statements and subjective

presentation"). Accordingly, remand is also required for a new assessment of the medical opinion evidence of record.

## C. Subjective Statements

In making a disability determination, the Social Security Administration will consider a claimant's statements about her symptoms, such as pain, and how the symptoms affect her daily life and ability to work. *See* 20 C.F.R. §§ 404.1529(a), 416.929(a). Subjective allegations of disabling symptoms alone cannot support a finding of disability. *Id.* The Administration's decisionmaker must weigh the claimant's subjective complaints, the relevant objective medical evidence, and any other evidence of the following factors:

(1) The individual's daily activities;
(2) Location, duration, frequency, and intensity of pain or other symptoms;
(3) Precipitating and aggravating factors;
(4) Type, dosage, effectiveness, and side effects of any medication;
(5) Treatment, other than medication, for relief of pain or other symptoms;
(6) Other measures taken to relieve pain or other symptoms;
(7) Other factors concerning functional limitations due to pain or other symptoms.

*See id.* §§ 404.1529(c)(3), 416.929(c)(3). "[S]ubjective symptom evaluation is not an examination of an individual's character." SSR 16-3p, 2017 WL 5180304, *2 (Oct. 25, 2017). "Adjudicators must limit their evaluation to the individual's statements about his or her symptoms and the evidence in the record that is relevant to the individual's impairments." *Id.* at *11.

Plaintiff asserts that the only part of the ALJ's decision that discussed the weight he gave to Plaintiff's subjective statements is in regard to Chronic Pain Syndrome in Step 3 of the analysis. In response, the Deputy Commissioner argues that the ALJ recounted Plaintiff's testimony in his discussion of Plaintiff's RFC. However, in the RFC discussion, the ALJ failed to evaluate Plaintiff's statements according to any of the regulatory factors and, thus, does not provide adequate reasoning

11

for his decision to not accept Plaintiff's statements regarding the severity of her symptoms. This error must be corrected on remand.

### D. Request for Award of Benefits

Plaintiff asks the Court to reverse and remand for an award of benefits or, in the alternative, for additional proceedings. An award of benefits is appropriate "only if all factual issues involved in the entitlement determination have been resolved and the resulting record supports only one conclusion—that the applicant qualifies for disability benefits." *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011). Based on the discussion above, remand, not an immediate award of benefits, is required.

### CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 17], **REVERSES** the final decision of the Commissioner of Social Security, and **REMANDS** this matter for further proceedings consistent with this Opinion and Order. The Court **DENIES** Plaintiff's request to award benefits.

So ORDERED this 31st day of July, 2018.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT